Albert E. Noel, Conservator of Estate of Joseph Tomera, Incompetent, Plaintiff, v. Walter J. Olszewski and Stephanie B. Olszewski, his Wife, Defendants.

In the Matter of Petition of Gerard Tomera, Appellant, v. Ernest Manka, Also Known as Ernest Tomera, Leszek Manka, Also Known as Leszek Tomera, Genowefa Stasiowski, Also Known as Genowefa Tomera, Appellees.

Gen. No. 45,961.

Opinion filed May 11, 1953. Rehearing denied June 2, 1953. Released for publication June 16, 1953.

EDWARD A. SINDEN, and JOSEPH MIODUSKI, both of Chicago, for appellant.

ALBERT N. CHARLES, of Chicago, for appellees.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

This appeal presents a controversy between petitioner, Gerard Tomera, who claims to be the sole heir of Joseph Tomera by adoption, and three children, two of whom are represented by a guardian *ad litem,* adjudged by the superior court to be heirs at law of Joseph Tomera, also by virtue of adoption. The original proceeding was brought by Joseph Tomera against the original defendants Walter J. and Stephanie B. Olszewski, husband and wife, to recover title to real estate located in Chicago, Illinois. Subsequent to the commencement of the suit, Joseph Tomera was adju-

dicated mentally incompetent, and Albert E. Noel was appointed conservator of his estate by the probate court of Cook county and was thereafter substituted as plaintiff. The master in chancery to whom the cause was referred found the issues in favor of plaintiff, but before a decree was entered Joseph Tomera died intestate so that there was no plaintiff authorized to prosecute the cause to final determination. Thereafter Gerard Tomera filed an intervening petition, by leave of court, wherein he sought, as the alleged heir of the original plaintiff Joseph Tomera, to be allowed to be substituted as plaintiff.

It appears that Joseph Tomera was twice married, his first wife having predeceased him, and his second wife having divorced him in October 1948. No children were born of either marriage; however, Gerard Tomera, the petitioner, alleges that he was adopted by Joseph in a proceeding in the county court of Cook county.

In May 1949 Joseph Tomera filed a petition in the circuit court of Cook county by which he sought to adopt the respondents Ernest Manka, Leszek Manka and Genowefa Stasiowski, alleging in substance that Ernest Manka was born June 20, 1935 in Poland, Leszek Manka on November 7, 1936 in Poland, and Genowefa Stasiowski on November 5, 1931, also in Poland; that these children were residing in a displaced person camp in Poland, awaiting the entry of a decree so that they might be sent to the United States; that their respective parents were unable to support them and had abandoned and surrendered them to petitioner and had consented in writing to their adoption; and that the petitioner was a reputable person of sufficient fitness and financial means to bring up and educate the children.

Along with the petition there were filed the consents of Ernest and Leszek Manka, bearing date March 28,

1949 at Warsaw, Poland, bearing a certificate of acknowledgment before J. A. Niederjohn, vice consul of the United States, and also the consents of the parents of Genowefa Stasiowski, bearing the same date and an identical certificate of acknowledgment. The minors were served by publication, a guardian *ad litem* was appointed for them, and the cause was referred to the Polish Welfare Association of the Archdiocese of Chicago for investigation and report. The report of the investigator stated that Joseph Tomera was a proper person to adopt the children but contained no finding or recommendation that they were proper subjects for adoption. The guardian *ad litem* consented to the adoption of the three children, and on June 23, 1949 a decree of adoption was entered which provided, *inter alia*, that the statutory requirements that the children reside with the petitioner for a period in excess of six consecutive months, and that the minors Ernest Manka and Genowefa Stasiowski, being over fourteen years old, appear in open court for the purpose of consenting to the adoption, be waived. Subsequent to the entry of the decree, Joseph Tomera attempted to bring the minors to the United States but was unsuccessful, and at the time of the filing of the intervening petition they were still residing in Poland. The decree from which this appeal is taken dismissed the intervening petition for want of equity; it found that the adoption proceedings in the circuit court were legal and in conformity with the adoption laws of the State of Illinois; but it did not provide who was to be substituted as plaintiff in the place and stead of Joseph Tomera.

As the principal ground for reversal it is urged that the circuit court had no jurisdiction to enter the decree of adoption because two of the minors, then over fourteen years old, did not consent thereto in writing and acknowledge their consents in open court, as provided

by the Adoption Act of 1945 (Ill. Rev. Stats. 1951, ch. 4, art. 3—3 [Jones Ill. Stats. Ann. 19.012(9)]); that the several consents of the parents of the minor children were acknowledged at Warsaw, Poland before a vice consul of the United States and not before a judge or clerk of a court of record, as required by article 3—6 [Ill. Rev. Stats. 1951, ch. 4, § 3—6; Jones Ill. Stats. Ann. 19.012(12)], in cases where consents are acknowledged outside the State of Illinois, thus rendering the decree void; that being void for lack of jurisdiction, the decree may be attacked collaterally; and that since Joseph Tomera, the original petitioner, died intestate prior to the determination of the original suit, it became necessary to determine his heirs so that they could be substituted as party plaintiffs.

 Article 3—3 of the Adoption Act of 1945, which was in force at the time of the adoption proceedings in question, provides that "If, upon the date of the entry of decree, the child sought to be adopted is of the age of fourteen years or upwards, the adoption shall not be made without the consent of such child. Such consent shall be in writing and shall be acknowledged by the child in open court." This provision is similar to that contained in the Act of 1874 except that in the amendment the legislature saw fit to add the requirements that the consent be in writing and acknowledged by the child in open court. The adoption decree entered June 23, 1949 finds that two of the children sought to be adopted, Ernest Manka and Genowefa Stasiowski, were more than fourteen years old, that they had consented in writing to their adoption and for good cause were unable to be in open court, inasmuch as they were residing in Poland. The requirement of the Adoption Act that the consents of the minors over fourteen be acknowledged by them in open court was not and, in their absence, could not be complied with; and without their presence the court

269

had no jurisdiction to enter the decree. In entering the decree of adoption the trial judge sought to assume jurisdiction by waiving the statutory requirement that the two minors who were over fourteen appear in open court and acknowledge their consent; but there is nothing in the Act which would justify the waiver of this mandatory provision. Neither of the counsel cites any cases which are precisely in point, but *McCormick v. Blaine,* 345 Ill. 461, affords a close analogy. In that case the brothers of Stanley McCormick filed a petition in the probate court of Cook county for a hearing as to the competency of Stanley McCormick and, in the event that he was found to be incompetent, asked that conservators be appointed for his property in Illinois. Summons was issued and returned not found. Constructive service was had by publication and mailing of notice to Stanley McCormick at Santa Barbara, California, where he was domiciled and had resided for many years. Shortly thereafter his wife filed, in the same court, a petition praying that she be appointed conservatrix of both the person and the estate of her husband. The two petitions were heard together, a jury was impaneled which found Stanley McCormick to be incompetent and further found that he had real estate and personal property in Cook county, and conservators were appointed to administer his estate. However, the appointment of a conservator for the person of Stanley McCormick was denied for want of jurisdiction. The principal question considered by the Supreme Court was whether the proceeding for the appointment of a conservator for the person of Stanley McCormick was one *in personam* or *in rem.* In considering these alternative proceedings, the court made the following observation: "A judgment *in rem* may be briefly defined as one founded on a proceeding instituted not primarily against the person but against or upon some thing or subject matter the status or con-

dition of which is to be determined. Such judgment is one affecting the status of the *res*. A proceeding *in personam* is a proceeding against the person. It involves his personal rights and may involve his right to specific property or the exercise of the ownership of such property, but it is based on jurisdiction of his person." (Citing various decisions.) After discussing the many contentions made by counsel and the various aspects of the case, the court concluded that the publication of notice and service by mail on Stanley McCormick did not confer jurisdiction on the probate and circuit courts to appoint a guardian of his person. We think the test to be applied to an adoption proceeding should be similar to that adopted by the Supreme Court in *McCormick v. Blaine*. Adoption of children in an Illinois court is a proceeding *in personam*, one involving their personal rights, and since, as minors over fourteen, their consents in open court were required by statute, the court could not acquire jurisdiction, by substituted service, to enter an adoption decree without their presence. *In re Adoption of Pratt*, 219 Minn. 414, 18 N. W. (2d) 147, is different on the facts, but it is significant that the court there held that a decree of adoption is void for lack of jurisdiction where, as here, "the adopted child is not physically present in the state and has its domicile elsewhere," citing 1 Am. Jur., Adoption of Children, secs. 14 and 32, and *Youmans v. Youmans*, 218 Minn. 172, 15 N. W. (2d) 537. In the *Pratt* decision the court made the pertinent comment that "since the duty of protection extends to all unfortunate and helpless persons, the necessity for exercising the state's protective power depends upon the presence of such persons within its territorial limits, and not upon the place of their domicile or their ownership of property within the state," and adopted the reasoning in *Bliss v. Bliss*, 133 Md. 73, 104 Atl. 467, that " 'it is their presence within the

limits of the State that necessitates the exercise of the power to protect their persons and the community in which they may be placed . . .' "

██ The guardian cites *Hopkins v. Gifford,* 309 Ill. 363, as authority for the proposition that the petition for adoption of the minors in the circuit court substantially complied with the provisions of the adoption statute. In that case the Champaign county court of Illinois decreed the adoption of two children, one of whom resided in Connecticut and the other in South Dakota. In both those States guardians had been appointed, with power to consent to the adoption in Illinois. It was contended that the adoptions in Illinois were void because the court was without jurisdiction of the parties. Although the court said that "there is nothing in the statute of this State which prevents a court of this State taking jurisdiction of a child who is the ward of a court of a sister State, where that court has appointed a guardian for such child, with power to consent to the adoption of the child [and that] there appears to be as much reason for courts of a State taking jurisdiction, for purposes of adoption, of the person of a child found within its borders as there is for taking jurisdiction for any other purpose beneficial to the child where it is found within the State," the opinion states that "the order of the county court . . . shows that in both cases the children to be adopted were in open court." The court further held that "there must be a substantial compliance with the provisions of statutes conferring jurisdiction, but the construction of such statutes is not to be so narrow or technical as to defeat the intention of the acts or the beneficial results where all material provisions of the statutes have been complied with." The statute under which the instant proceeding was brought, as amended in 1945, specifically requires that the adoption of a child over fourteen shall not be made without

272

the consent of the child, such consent to be in writing and acknowledged by the child in open court, and of course, since the minors here were not present, there could be no real or substantial compliance. Moreover, in this proceeding, there could be no reasonable expectation of any "beneficial results," for the party who sought to adopt the children is dead, and if they should be brought here there would be no individual interested in them or legally responsible for them; they would in all likelihood, in the first instance, be a charge on the State.

██ ██ In view of this conclusion it becomes unnecessary to decide whether the several consents of the parents of the minor children which were acknowledged at Warsaw, Poland before a vice consul of the United States rather than before a judge or a clerk of a court of record, conformed to the requirements of article 3—6 of the Adoption Act. We hold that the adoption decree is void for lack of jurisdiction and subject to collateral attack.

There remains only one other question to be determined. Since Joseph Tomera, the original plaintiff, died intestate prior to the determination of the original suit, it became necessary that his heirs be determined so that they might be substituted as party plaintiffs. The intervening petition sought such determination. The decree entered upon the intervening petition finds that the adoption decree was valid but contains no finding or decree determining the heirs of Joseph Tomera or substituting them as party plaintiffs in the original proceeding; in fact, the decree dismisses the intervening petition of Gerard Tomera, thereby leaving the original suit without a plaintiff to prosecute it. Upon oral argument and in their brief, appellees stress the point that no showing was made upon the hearing that Gerard Tomera was an adopted child. Appellees, in their answer to his petition, de-

273

manded strict proof, and they say that no proof was made from which the court could conclude he was adopted. This point was not urged upon the hearing, and, in fact, the trial judge assumed that Gerard Tomera was validly adopted and considered the case solely on the jurisdiction of the circuit court in the proceedings brought to adopt the minor children in Poland.

 In the circumstances, the decree of the superior court entered upon the intervening petition of Gerard Tomera is reversed, and the cause remanded with instructions to enter a decree granting the relief prayed for in that petition and finding that petitioner be determined by the court to be the sole heir of Joseph Tomera, deceased, and as such substituted as plaintiff in the place and stead of Joseph Tomera.

*Decree reversed and cause remanded with directions.*

NIEMEYER and BURKE, JJ., concur.