(No. 33179.—

The People *ex rel.* Leo J. Koelsch, Appellant, *vs.* Doris Rone *et al.,* Appellees.

*Opinion filed September 23, 1954.*

Ira J. Covey, Sr., Stephen J. Covey, and William H. Young, all of Peoria, for appellant.

Mr. Justice Klingbiel delivered the opinion of the court:

Leo J. Koelsch, in the name of the People, filed a petition in the circuit court of Peoria County for a writ of *habeas corpus,* to secure custody of his minor child from his former wife. After a hearing the court remanded the child to the custody of its mother. Relator seeks direct review by this court, a constitutional question under the full-faith-and-credit clause of the Federal constitution being involved.

On April 23, 1952, relator and his wife Doris, hereinafter called respondent, were divorced in the State of Massachusetts, and custody of their minor child was awarded to the mother. She thereafter remarried and moved to Illinois, taking the child from Massachusetts without obtaining the consent of relator or the court. On September 10, 1953, relator filed a petition in the Massachusetts court, seeking to obtain custody of the child. Notice by registered mail was sent to respondent fourteen days prior to the return day, and was tendered to her by the mail carrier at her residence in Peoria. She refused to accept delivery of the notice. On October 1, 1953, the Massachusetts court amended the divorce decree by granting custody of the child to relator.

At the hearing on the present petition, held on October 30, 1953, no evidence was adduced showing a change in

circumstances since the preceding October 1, when the Massachusetts decree was amended. The record indicates that the circuit court's decision is based upon findings that whatever change of circumstances occurred since the time of the original decree was insufficient to warrant changing custody from the mother, and that respondent did not receive sufficient notice of the hearing on the petition to change custody. No brief has been filed in this court on behalf of respondent.

We think the order of the Massachusetts court, modifying the divorce decree and awarding custody to relator, must be recognized and given full faith and credit by the courts of this State if the Massachusetts court then had jurisdiction over the parties and subject matter. (*People ex rel. Halvey* v. *Halvey*, 330 U.S. 610.) That such jurisdiction was present is clear from the nature of the decree modified. In so far as they provide for custody of children, such decrees of Massachusetts courts, like those of our own courts, are subject to future modification. The court which entered the decree may change the custody from time to time, as the best interests of the child may require; and the fact that the child has since been removed from the State and beyond the reach of its process does not deprive the court of jurisdiction to exercise such reserved power. (*Hersey* v. *Hersey*, 271 Mass. 545, 171 N.E. 815.) In the present case jurisdiction had been acquired by virtue of process in the original suit, and the mother took custody subject to the court's retaining jurisdiction to modify or change it. The sending of notice of the hearing to respondent by registered mail at her residence in this State was reasonably calculated to apprise her of the proceedings for modification, (see *International Shoe Co.* v. *Washington*, 326 U.S. 310, 320,) and was therefore sufficient regardless of her lack of actual notice. Certainly, her refusal to accept the letter cannot afford any

basis for complaining that she was insufficiently notified. There can be no doubt that the Massachusetts court had jurisdiction to render the order of October 1, 1953.

The question remains as to the effect that must be given to the Massachusetts order of October 1. The requirement of full faith and credit for judgments affecting custody of children depends upon the effect which they are accorded in the State where they were rendered. A judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered. (*People ex rel. Halvey* v. *Halvey*, 330 U.S. 610.) Hence, if in Massachusetts an order as to custody is not conclusive or *res judicata* as to conditions existing at the time it is rendered, but may be amended or changed as the best interests of the child may require even though there has been no material change in circumstances since its rendition, Illinois may likewise re-examine the circumstances and determine what the child's welfare requires. The record in the case at bar fails to disclose whether, under Massachusetts law, the order would be *res judicata* as to the facts existing at the time it was rendered. In such case it will be presumed that the law of Massachusetts is the same as the law of this State. (See *People ex rel. Stockham* v. *Schaedel*, 340 Ill. 560, 564.) In Illinois such an order is *res judicata* and binding upon the parties unless new conditions have since arisen which warrant a change in its provisions. (*Nye* v. *Nye*, 411 Ill. 408.) It follows that on the record in this case a similar effect must be given to the Massachusetts order, and that the circuit court erred in remanding the child to the custody of respondent. The judgment will be reversed and the cause remanded to the circuit court of Peoria County, with directions to enter judgment for petitioner.

*Reversed and remanded, with directions.*