MELVIN A. BEAULIEU, Petitioner-Appellant, *v.* DORIA M. BEAULIEU CARMACK, Respondent-Appellee.

Fourth District   No. 15087

Opinion filed December 22, 1978.

Robert E. McIntire, of Bloomington, for appellant.

G. Michael Prall, of Bloomington, for appellee.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

The petitioner, Melvin A. Beaulieu, and the respondent, Doria M. Beaulieu Carmack, were divorced in the district court of Aroostook County, in the State of Maine, on March 20, 1975. Custody of the children was granted to the respondent. The decree contained no restrictions preventing the respondent or the children from leaving the State. Following entry of the decree, the respondent left Maine and ultimately settled with the children in Illinois.

On June 7, 1977, the decree was modified to add specifically scheduled visitation rights to the petitioner. After finding that the respondent had wilfully obstructed the petitioner in his attempts to obtain visitation, and, after finding a favorable change in petitioner's living circumstances, the Maine court further modified the original decree on November 18, 1977, by granting custody of the children to the petitioner. Although the respondent was personally served in Illinois with notice of the motion to change custody, the respondent did not appear, in person with the children or by counsel, on or prior to the November 18, 1977, hearing.

On February 22, 1978, the petitioner filed a petition for writ of habeas corpus in the circuit court in Woodford County, Illinois. The respondent filed a motion to dismiss the petition. In a supporting affidavit, respondent stated, *inter alia*, that she left Maine with the children because she feared the petitioner. Respondent further stated in her affidavit that she had remarried and has lived in Illinois with the intent to permanently reside here since she first came to this State in 1975. On June 13, 1978, the circuit court in Woodford County entered an order denying full faith and credit to the amended Maine divorce decree changing custody from respondent to the petitioner, and dismissed the petition for writ of habeas corpus.

The issue raised for review is whether full faith and credit may be denied to a modified decree of divorce entered in Maine changing custody of the children, where neither respondent nor the children appeared or were present at the time the decree was so modified.

■■ Under Maine law, the trial court retains jurisdiction of the subject matter and parties, once obtained in the original action, to modify a decree of divorce insofar as it provides for custody of children, although the children or the parent receiving custody are no longer within the State. (*Stetson v. Stetson* (1888), 80 Me. 483, 15 A. 60.) Consequently,

petitioner contends that the Maine court properly modified the decree changing custody, despite the absence of the respondent and children at that hearing, and that the modified custody decree is entitled to full faith and credit in Illinois.

A factual situation strikingly similar to the instant case was presented in *People ex rel. Koelsch v. Rone* (1954), 3 Ill. 2d 483, 121 N.E.2d 738. In *Rone*, the parties were divorced in Massachusetts and custody of the child was awarded to the mother. She remarried and with her child moved to Illinois to live. After notice by registered mail was sent to the respondent in Illinois, the Massachusetts court subsequently modified the divorce decree by awarding custody to the father. Neither the mother nor the child were present at the modification proceeding in Massachusetts, nor were they domiciled in Massachusetts at the time the decree was modified. Our supreme court determined that since Massachusetts had under its own law retained jurisdiction acquired by virtue of process in the original suit, the fact that the child had been removed from the State did not deprive the court of its continuing jurisdiction to modify the decree awarding custody to the father. The court held that the modified decree must be recognized and given full faith and credit by Illinois courts.

■■ In the reverse situation, courts of this State retain jurisdiction, once properly obtained in the original action, to modify their custody decrees where there have been material changes in conditions since the original decree. In *Sharpe v. Sharpe* (1966), 77 Ill. App. 2d 295, 222 N.E.2d 340, this court noted that the "single court" theory promotes continuity, contributes to the stability of courts and their decrees, and forecloses "forum shopping." It was also noted that a parent should not be able to avoid a decree by simply leaving the State.

The extent to which a custody decree is entitled to full faith and credit in a sister State has been increasingly governed in recent years by the overriding consideration of the welfare of the child. Restatement (Second) of Conflicts of Laws §79, Comment *c*, at 239 (1971), states that for this reason, probably the majority of courts have not felt themselves bound by full faith and credit to enforce without question the provisions of a custody decree rendered in another State. This view appears to be the one taken more recently by the Illinois Supreme Court.

In *People ex rel. Strand v. Harnetiaux* (1970), 46 Ill. 2d 424, 263 N.E.2d 30, the parties were divorced in California. The California court originally awarded custody to the mother but shortly thereafter awarded custody to the father. The father, with the express permission of the California court, then moved with the child to Illinois to live with the defendants, the child's paternal grandparents. The father was killed in an automobile accident. The mother obtained a modification of the

California decree again granting her custody, notifying the grandparents of the proceedings by registered mail.

The mother then brought a habeas corpus action in Illinois to obtain custody. The circuit court granted the mother's motion for summary judgment on the grounds that the California decree was entitled to full faith and credit. On appeal, the supreme court ruled that regardless of whether or not the California court retained jurisdiction to modify its custody decree, the modified custody decree need not be given full faith and credit by the courts of Illinois. In reaching this decision, the court stated:

> "Other courts when confronted with a foreign custody decree which has been modified at the request, and in favor, of a parent who is still a domiciliary of the foreign State, when the other parent and child are now domiciled in the forum State, have generally refused to grant full faith and credit to the modified decree on the ground that the foreign State no longer had jurisdiction over the other parent and child. [Citations.]" *Harnetiaux*, 46 Ill. 2d 424, 429, 263 N.E.2d 30.

The paramount concern for the best interests of the child in custody proceedings led the court in *Hinton v. Searles* (1977), 53 Ill. App. 3d 433, 368 N.E.2d 937, to recently state:

> "This court views with suspicion any major modification of a custody decree rendered while the children and other parent are not present in the jurisdiction. Where the modification of the decree in the Missouri court was obtained without the presence of respondent or the children, there could be no informed decision of what action was in the best interests of the children. We cannot and should not engage ourselves in simple legal fictions by disregarding what we know to be true—the Missouri court rendered its decision going to the heart of this dispute without the presence and participation of crucial parties and witnesses." 53 Ill. App. 3d 433, 438, 368 N.E.2d 937.

■■ *Harnetiaux* is a more recent supreme court case than *Rone* and implicitly rejects the *Rone* reasoning. We feel that *Harnetiaux* reflects the better view that full faith and credit should be denied foreign State decrees affecting custody which are modified in the absence of the custodial parent and child. In the instant case, respondent alleges that she has remarried and resides with her husband and children in El Paso, Illinois, where the children presently attend school. Clearly, new relationships in a new environment have been formed. We do not wish to be misunderstood as ruling that in personam jurisdiction necessitates physical presence of the defendant, nor do we wish to imply that the Maine court did not retain jurisdiction over the parties under its own law

to modify the decree. We do feel, however, that since the change of custody was made without the presence of the respondent or the children, the Maine court could make no informed decision of what course was in the best interests of the children. Accordingly, we find that the circuit court in Woodford County was justified in denying full faith and credit to the modified Maine change of custody decree and properly dismissed the petition for writ of habeas corpus.

Affirmed.

CRAVEN and MILLS, JJ., concur.