MARK ARNOLD VANSKIVER, Plaintiff-Appellee, *v.* LITTIE VANSKIVER, Defendant-Appellant.

Third District   No. 79-143

Opinion filed December 21, 1979.

Douglas C. Scovil, of Rock Island, for appellant.

No appearance for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The appellant, Mrs. Littie Vanskiver, appeals from an order of the circuit court of Rock Island County, under which she was ordered to deliver custody of her eight-year-old daughter, Kim Ly, to the girl's father, Mr. Mark Vanskiver, pursuant to a writ of *habeas corpus* entered on December 15, 1978.

The Vanskivers last resided together in North Carolina. Their marriage foundered and they entered into a private separation agreement. They "signed the separation papers in front of a notary." However, no court order was entered in North Carolina. According to their agreement, Mrs. Vanskiver was to have custody of Kim Ly. One night, Mr. Vanskiver took Kim Ly out to dinner and failed to return with her. Instead, he removed the child to the State of Arkansas. He then instituted court proceedings in Arkansas. Whether these were for divorce, for separate maintenance, or of some other nature is not made clear by the record. Mrs. Vanskiver appeared personally and by her attorney. The record available to us does not indicate that such appearance was other than general. On November 9, 1978, the chancery court of Pulaski County, Arkansas, issued an order granting temporary custody of the child to her father. Mrs. Vanskiver was granted reasonable visitation with the child at the child's place of residence, but was denied the right to take the child from the premises, until the further orders of the court. The order required that the child be enrolled in an Arkansas school.

Due to an "inadvertent" omission, the order was not filed until November 28, 1978, although on that date a sentence was added indicating that the order was made on November 9. Mrs. Vanskiver's testimony shows that she was aware of the order on or about November 9.

On November 22, 1978, Mrs. Vanskiver and/or one acting in her behalf removed the child to Illinois, where Mrs. Vanskiver has resided since about the beginning of October 1978. Mrs. Vanskiver testified that on November 22, 1978, she received a telephone call from her daughter. The girl, at that time, was residing with her father and her father's ex-wife, although, according to Mrs. Vanskiver, the father was actually back in North Carolina. Kim Ly told her mother over the phone that both she and her half-sister, the daughter of Mr. Vanskiver and his ex-wife, were going to run away from home. Mrs. Vanskiver then went to Arkansas and picked up her daughter in a car. She testified that Kim Ly "got in the car and said, 'Mom, I want to go home with you.' "

Mr. Vanskiver then came to Illinois. On December 14, 1978, he filed a petition for writ of *habeas corpus*, and such writ was issued on December 15, ordering Mrs. Vanskiver to bring the child before the court. Mr. and Mrs. Vanskiver each testified and the order of the Arkansas chancellor

*was brought before the court.* Mrs. Vanskiver's attorney requested that Kim Ly be examined, but the judge denied this request, saying that the issue was the validity and effect of the Arkansas order, and not the relative merits of either parent as a custodian of the child. The court recognized that the ultimate issue is to determine and order what is in the best interests of the child, but also ruled that the proper forum for the determination of that issue is the chancery court of Arkansas. The child was then ordered returned to Mr. Vanskiver.

■■■ Mrs. Vanskiver appeals that order, maintaining that the circuit court of Illinois had the power to determine the best interests of the child, because all child custody orders are modifiable and may be modified by any court having jurisdiction over the parties, when the circumstances have changed. "The courts of Illinois have both the responsibility and the power to inquire into the right to custody and concomitant best interests of a child within the jurisdiction where the passage of time since a prior custody determination of a sister State makes it possible that the circumstances pertaining to the fitness of the parties seeking to be awarded custody of the minor may have substantially changed." (*People ex rel. Bukovich v. Bukovich* (1968), 39 Ill.2d 76, 79, 233 N.E.2d 382.) The appellant, Mrs. Vanskiver, claims a change of circumstances here. We cannot perceive any. Her only claim as to changed circumstances is that two little girls got together and decided to run away from home, because one of them, Kim Ly, did not like living with her stepmother and the other one, the stepmother's natural child, agreed with Kim Ly's opinion. We see no change of circumstances such as to warrant reconsideration of the Arkansas decree. Nor has there been a sufficient "passage of time since a prior custody determination of a sister State [such as to] make it possible that the circumstances pertaining to the fitness of the parties seeking to be awarded custody of the minor may have substantially changed." Mrs. Vanskiver removed the child from Arkansas less than two weeks after the issuance of the court order denying her custody. See *People ex rel. Koelsch v. Rone* (1954), 3 Ill. 2d 483, 121 N.E.2d 738; *People ex rel. Bukovich v. Bukovich* (1968), 39 Ill. 2d 76, 233 N.E.2d 382.

■ The court must be sensitive to changed circumstances in a child custody case and must be willing to exert its authority to determine the best interests of the child when such changed circumstances are credibly alleged and shown. However, such power does not give us the license to encourage child-napping by a parent seeking a more friendly forum than that which originally determined the child's custody. The decree of the Arkansas chancellor was in no way arbitrary or unreasonable. Both parents appeared before the court. The order granting custody to the father was temporary. Despite the fact that all custody orders are modifiable, we do not think that the denomination of this custody order as

temporary was a mere stating of the obvious. It appears that the chancellor fully intended to review this matter. In fact, Mrs. Vanskiver was ordered not to remove the child from the child's residence only until such time as further order was made. Mrs. Vanskiver's visitation rights were somewhat restrictive, but the court clearly contemplated liberalizing them when further facts were brought before it. Perhaps the chancellor feared that Mrs. Vanskiver would try to make off with the child had she been given freer visitation rights immediately. Given the subsequent turn of events, we cannot say that such a fear would have been groundless. Mrs. Vanskiver had her day in court, and was to have another day in court due to the temporary nature of the custody order. We conclude that the circuit court of Rock Island County was correct in returning the child to her legal custodian. Under the circumstances, the chancery court of Arkansas has shown itself to be the proper forum for the further disposition of this case, in view of the record as of the time of the Rock Island Circuit Court order. We affirm such order.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.