Joseph Gary McClellan, Plaintiff-Counterdefendant-Appellant, v. Janet McClellan, Defendant-Counterplaintiff-Appellee.

Gen. No. 11,146.

Fourth District.

August 4, 1970.

Unger & Stewart, of Danville (John Unger, of counsel), for appellant.

Acton, Baldwin, Bookwalter & Meyer, of Danville (Thomas Smith, of counsel), for appellee.

JONES, J.

This appeal is from an order modifying a divorce decree by increasing the amount of child support provided and ordered paid in the original decree.

The facts are not in dispute. The parties were divorced by a decree of the Circuit Court of Vermilion County entered in March, 1961. At that time both were residents of and domiciled in the State of Illinois and both were personally subject to the jurisdiction of the court. There were two children born of the marriage and their custody was awarded to the wife. The husband was ordered to pay $65 per month child support, but for some time he had been voluntarily paying $125.

Subsequent to the decree, the mother and children became residents of the State of Maryland and the husband became a resident of Bangkok, Thailand. In December, 1968, the mother filed in the Circuit Court of Vermilion

County, Illinois, a petition to modify the decree of divorce, alleging a change of circumstances arising from a recently incurred physical disability of one of the children, and praying for an increase of child support. The petition was set for hearing and defendant and his attorney were given notice by first class mail. Prior to the hearing the husband filed a Special and Limited Appearance, supported by affidavit, objecting to the jurisdiction of the court over his person because of his residence in the Nation of Thailand. No motion or counteraffidavit was filed in contravention of the husband's appearance. A hearing was held on February 4, 1969, but neither the husband nor his attorney were present. An order modifying the original decree was entered. It recited that the court "finds it has jurisdiction of the parties hereto and the subject matter hereof in such cases may (sic) and provided by the statutes of the State of Illinois." The order increased the monthly child support to $300. The husband appeals, urging reversal upon the grounds that the court lacked jurisdiction of his person to enter the order of modification and it is, therefore, void.

It is the husband's position that although the Illinois court properly exercised its jurisdiction over the parties and their marriage in the original proceeding, that jurisdiction was lost when both the husband and the wife, together with the children, became residents of other jurisdictions, she and the children of another state, he of another country. He argues that the petition to modify the decree is a new action and cannot be instituted by service of notice by mail, that the judgment obtained is in personam and requires personal service of summons.

The basic question is, of course, whether a court of this state may properly continue to exercise personal jurisdiction over parties to a marital cause where both of those parties, and their children, have left the state

480

and established a domicile outside the state. If the court which issued the original decree for divorce continues to exercise jurisdiction of the parties and the subject matter, then service for postdecree proceedings, such as the petition for increase of child support in this case, may be had by written notice pursuant to Supreme Court Rule 104. If the court issuing the original decree loses jurisdiction when the parties and their children cease to be residents of or domiciled in the State of Illinois, then the proceeding is a new one and jurisdiction of a respondent can be obtained only upon personal service of summons.

■■■ Section 19 of the Divorce Act (c 40, § 19, Ill Rev Stats 1967) provides:

"Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support, it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse and the care and support of the children as . . . ."

This statute is a clear indication that once a court acquires jurisdiction of the subject matter and parties to a marriage and enters a decree for divorce, it retains that jurisdiction for subsequent modification as to alimony or support. Once the court's jurisdiction of the person attaches, that jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. With the matter of support and custody being placed in issue in the original proceeding, it cannot be said that the future welfare of children and matters relating to their support and custody requirements do not arise out of the original action. They are, indeed, an integral part of the original case. A party

cannot place these matters in issue before a court, being himself subject to its jurisdiction and decretal orders, and later avoid the court's continuing jurisdiction to modify such orders as changing circumstances may require by the simple expedient of moving outside the court's geographical jurisdiction. Were the rule otherwise then litigants would become scofflaws. The rule has been that once the court has jurisdiction it is a sufficient compliance with due process to dispense with personal service of summons upon postdecree proceedings, it being sufficient to give notice of the pendency and hearing by mail, as provided by Supreme Court Rule.

Authority abounds. In the case of People ex rel. Koelsch v. Rone, 3 Ill2d 483, 121 NE2d 738, a husband and wife were divorced in Massachusetts and custody of the child was awarded to the mother. She thereafter remarried and moved to Illinois, bringing the child with her without the consent of the husband or the court. The husband filed a petition in the Massachusetts court seeking custody of the child. Notice by registered mail was sent to the wife and tendered to her by the mail carrier at her residence in Peoria. She refused to accept delivery of the notice. The Massachusetts court thereafter amended the divorce decree by granting custody of the child to the husband. The husband filed a petition in the Circuit Court of Peoria County for a writ of habeas corpus to secure the custody of the child. The trial court remanded the child to the custody of its mother. On appeal, the Supreme Court held that the order of the Massachusetts court modifying the divorce decree and awarding custody to the husband must be recognized and given full faith and credit by the courts of Illinois if the Massachusetts court had jurisdiction over the parties and subject matter at the time of the modification. The court found the fact that such jurisdiction was present was clear from the nature of the

decree modified. Insofar as they provide for custody of children, such decrees of Massachusetts courts, like those of our own courts, are subject to future modification. The court stated that the court which entered the decree may change the custody from time to time as the best interest of the child may require; and the fact that the child has since been removed from the state and beyond the reach of its process does not deprive the court of jurisdiction to exercise such reserved power.

The question was last before this court in the case of Sharpe v. Sharpe, 77 Ill App2d 295, 222 NE2d 340. There a decree of divorce was rendered in Illinois and custody of a child awarded to the mother, with the right to remove the child from the jurisdiction of the court. The wife took the child to Texas and became a resident of that state. The father filed a petition in the Illinois court for a change of custody. Notice was mailed to the wife at her last Illinois address and to her parent's residence in Missouri. The wife entered her special appearance contesting the jurisdiction of the court to further modify the custody order of the original decree, contending that the child was a resident of Texas and subject to its jurisdiction. It also appeared that a Texas court had taken jurisdiction of the child in a proceeding entitled, "Application for Modification of Visitation and Custody." The Illinois court granted the father's petition, and ordered custody transferred to the paternal grandparents and the mother was ordered to return the child to the jurisdiction of the court to effect the changeover. On the same day the Texas court granted the mother "exclusive custody" and barred the father from all visitation rights. On appeal, the mother contended that domicile controls jurisdiction and since the child was in Texas, the court there had exclusive jurisdiction. The father contended that the court first ac-

quiring jurisdiction retains it. This court held that it was bound by section 19 of the Divorce Act (c 40, § 19, Ill Rev Stats 1967), and precedent, stating:

". . . parents ought to be bound by the custodial features of a decree to which they were both parties, that is, if the court rendering the decree had jurisdiction of the subject matter and of them. . . . Our adoption of the father's theory, forecloses 'forum shopping.' It seems to us highly irregular that one parent can avoid a decree by the simple expedient of leaving the state. . . .

"Section 19, in our opinion, accords with a proper grant of power to courts, or rather, it articulates an inherent power, and by so doing, points with greater force to the correctness of our choice. . . . We might note, too, that in the reverse situation, Illinois recognizes foreign decrees relative to custody, even though the child is physically present in Illinois. We add the caveat, that if the foreign decree is not final as to conditions existing at the time, but can be amended, absent material changes, such need not be recognized."

The Restatement states a similar rule. See Restatement of the Law of Conflict of Laws, section 457, and comment a. thereto. See also the cases of Allain v. Allain, 24 Ill App2d 400, 164 NE2d 611; Horn v. Horn, 5 Ill App2d 346, 125 NE2d 539; Nye v. Nye, 411 Ill 408, 105 NE2d 300; Richton v. Richton, 45 Ill App2d 128, 195 NE2d 265.

The husband's authorities are not persuasive. He cites three Illinois statutory enactments which he contends bear on the question. The first is section 19 of the Divorce Act (c 40, § 19, Ill Rev Stats 1967) which provides subsequent modification of decrees "upon ob-

taining jurisdiction of the person of the defendant by service of summons or proper notice." He argues that the quoted language negates the theory of continuing jurisdiction since it requires "obtaining jurisdiction." This statute has not been so interpreted and no authority is cited. As seen from the cases cited above, the interpretation by the courts has been to the contrary. Our interpretation of the statute is consistent with its terms. Where the original decree is rendered upon an in rem basis, jurisdiction for modification as to alimony or support can be obtained only by the service of summons. But where the original decree is rendered upon an in personam basis the disjunctive "proper notice" is sufficient for such modification proceedings. The husband also cites the statute on fees, chapter 53, section 31(h), Ill Rev Stats 1967, which provides for a ten-dollar filing fee in "each reinstatement of a case including petition for modification of a judgment or order. . . ." Again, no interpretive authority is cited. But that statute deals with fees, not jurisdiction of courts. This legislative enactment providing a filing fee for a postdecree petition cannot be construed as expressing the intent to deprive courts of jurisdiction. The third statute invoked by the husband is the Venue Act (c 146, Ill Rev Stats 1967) as it has been applied in cases such as Smith v. Smith, 87 Ill App2d 21, 230 NE2d 474. In that case it was held that a petition (for modification) for the purpose of the Venue Act was a new suit or proceeding. But that statute and those cases are not apposite. They stand for the proposition that in a petition for modification a party is entitled to have a hearing before a judge other than the one who issued the original decree sought to be modified.

▮▮▮ The husband also argues that divorce is an in rem proceeding and may be obtained by constructive service, but a judgment for payment of alimony or sup-

port is in personam and requires personal service of summons. This statement is correct and requires no citation of authority. In this case the husband was the original plaintiff but upon the appearance of his wife became the counterdefendant. The original decree was awarded to the wife upon her counterclaim. The husband was thus submitted to the general and personal jurisdiction of the court and thus remains subject to its continuing jurisdiction throughout all subsequent proceedings arising out of the original cause of action.

The order of the trial court will be affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.