WESLEY WELDON, Plaintiff-Appellant, *v.* LILLIAN WELDON, Defendant-Appellee.

(No. 71-125; )

Third District—February 24, 1972.

Walter Braud, of Rock Island, for appellant.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Wesley Weldon, filed this action for divorce in the Circuit Court of Rock Island County. Constructive service was had upon Defendant, Lillian Weldon. After hearing the court entered a decree of divorce in favor of plaintiff but included in such decree an order requiring plaintiff to pay $40.00 per week to the Clerk of the Court for the support of his minor children. It is from that part of the decree ordering the support from which the plaintiff has appealed. The defendant neither filed her appearance in the trial court nor any brief in this court.

It appears that the defendant and the minor children of the marriage who were appearently living with their mother, the defendant, had for several years resided in Minnesota. At the time of the filing of this action and the hearing thereon plaintiff did not know the whereabouts of his wife or children but believed they were still living in Minnesota. Although the names of the children were mentioned in the complaint the only relief sought was a divorce.

██ As a basic premise the appellant has referred to the general rule that where there has been constructive service on the defendant and the defendant has failed to file an appearance in the proceeding a

divorce, an *in rem* proceeding, may be granted but no personal decree may be entered. (*McClellan v. McClellan,* 125 Ill.App.2d 477, 261 N.E. 2d 216 and *Parker v. Parker,* 345 Ill.App. 293, 81 N.E.2d 745.) Although it may be said that the court has jurisdiction over the person of the plaintiff, unless the children either reside actively or constructively with the plaintiff, the court has no authority to make any determination regarding the custody of the children. If the court has no such authority and is not seeking to determine the support incident to the award of custody by the court of some other state we believe that it is inappropriate for the trial court on its own motion to make such determination. Whoever may have custody of the children may seek support for the children by application either in this case or some other case in the future but absent such an application or jurisdiction over the children and custodian we believe that such a determination is and should be without any legal effect.

For the foregoing reasons the decree of the Circuit Court of Rock Island County is affirmed so far as it relates to granting plaintiff a divorce but is reversed in so far as it orders plaintiff to make payments to the Clerk of the Court for the support of the minor children.

Affirmed in part, and reversed in part.

SCOTT and DIXON, JJ., concur.