JAN S. SIEGEL, Plaintiff-Appellant, *v.* ARNOLD SIEGEL, Defendant-Appellee.

First District (3rd Division)   No. 78-1738

Opinion filed December 19, 1979.—Rehearing denied February 13, 1980.

SIMON, P. J., specially concurring in part and dissenting in part.

Sherwin & Sherwin, of Chicago (Theodore R. Sherwin, of counsel), for appellant.

Schiller & Schiller, Ltd., of Chicago (Cathy A. Bugé and Donald Schiller, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This matter arises out of the attempts of defendant, Arnold Siegel, to enforce the provisions of certain post-judgment orders entered by the circuit court of Cook County. Plaintiff, Jan S. Siegel, appeals from an order of the trial court finding her in contempt of court and terminating child support.

The parties were divorced on September 21, 1972. At that time both parties were residents of Illinois. Plaintiff was awarded custody of the parties' two minor children subject to defendant's visitation privileges. The judgment provided that the circuit court of Cook County would reserve jurisdiction of the subject matter and of the parties in order to enforce the terms of the judgment and of a marital settlement agreement.

On June 28, 1974, an agreed order was entered permitting plaintiff and the two children to move to California. As a condition, plaintiff was required to post a bond of $5,000 with her father as surety, to guarantee her compliance with defendant's visitation privileges. The order set forth those visitation privileges as follows: for a period of six weeks each summer, the specific date to be determined by defendant sending written notice to plaintiff by April 1; one week during the children's Christmas vacation; and at such other times when defendant is in Los Angeles, upon prior notice to plaintiff. The order further provided:

> "That the minor child shall remain solely under the jurisdiction of the Circuit Court of Cook County, Illinois, and both the Plaintiff and the Defendant are enjoined from petitioning any other Court

for relief concerning the welfare of the minor children, or the modification of this ORDER."

On June 13, 1975, plaintiff petitioned the trial court to discharge the requirement of a surety bond since she had exhibited her compliance with the prior order. On April 5, 1976, an order was entered discharging the requirement of a bond. As security for plaintiff's compliance with the order of June 28, 1974, the order provided that if defendant was denied visitation rights, he had the right to deposit support payments with his attorney, rather than send them directly to plaintiff. If defendant did withhold funds from plaintiff, he was obligated, under the order, to seek a judicial determination whether his action was proper.

In June 1977, a dispute arose concerning accrued child-support arrearages and visitation. On June 24, 1977, plaintiff filed a petition, and, on June 29, an order was entered requiring defendant to pay past-due support. The order also provided that the children were to spend the month of July and their Christmas vacation with defendant.

On October 1, 1977, the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) became effective. Section 801 provides that the Act applies to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to that date. Section 601, governing child-custody proceedings, provides in pertinent part that a court of this State has jurisdiction to make a child-custody determination by initial or modification judgment, if:

"(1) this State is the home state of the child at the time of commencement of the proceedings, or had been the child's home state within 6 months before the commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reason and a parent or person acting as parent continues to live in this State; or

(2) it is in the best interest of the child that a court of this State assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships; * * *." Ill. Rev. Stat. 1977, ch. 40, par. 601.

In December 1977, plaintiff commenced an action in California to domesticate the Illinois judgment and to modify its visitation provisions. On December 22, 1977, the superior court of Los Angeles County vacated all orders regarding visitation and set a hearing for January 11, 1978, on plaintiff's request for a termination of visitation. The order restrained defendant from removing the children from Los Angeles and from annoying or harassing plaintiff or the children. A private investigator

served defendant with the order on December 29 when he arrived at plaintiff's home to pick up the children. Defendant was unable to contact the children during the remainder of his stay and he did not see them during their Christmas vacation. On January 11, 1978, the California court conducted a hearing on plaintiff's petition. Defendant was not present nor represented by counsel. The California court reiterated its prior order restraining defendant from removing the children from Los Angeles County. It further ordered that any and all visitation of the children by defendant must be under the direct supervision of the children's psychiatrist and under such terms and conditions as the psychiatrist might set forth.

Meanwhile, on January 4, 1978, defendant had mailed written notice to plaintiff that a petition for a rule to show cause against her would be presented to the circuit court of Cook County on January 10, 1978. The petition alleged that plaintiff had failed to comply with the visitation provision of the order of June 28, 1974. It also set forth that defendant was halting support payments. Notice of this petition was also mailed to plaintiff's counsel in California, and Mr. Foster Schlutz, a Chicago attorney who had formerly represented plaintiff but was no longer retained by her. On January 10, 1978, Schlutz and plaintiff's father appeared in response to the notice and informed the court that plaintiff's father had engaged Mr. Donald E. Schiller to represent her, but that Schiller was out of the country. Schlutz requested a continuance, and an order was entered granting plaintiff 30 days to respond to defendant's petition and restraining her from proceeding in California until further order of court.

On February 10, 1978, Schiller filed a special appearance, supported by affidavit. The affidavit recited that plaintiff had not received sufficient prior notice of the proceedings in Illinois. It also stated that the Illinois court lacked jurisdiction of the subject matter of defendant's petition by virtue of section 601 of the Illinois Marriage and Dissolution of Marriage Act quoted above and that jurisdiction over the cause was properly exercised in California.

On the same day, defendant filed a second petition for a rule to show cause. Defendant set forth the order entered in the California court on January 11, 1978. He requested that as a result of plaintiff's actions, he be relieved of his obligation to pay child support.

On May 2, 1978, a hearing was held on plaintiff's special appearance. The circuit court of Cook County found that it had properly retained subject matter jurisdiction by virtue of the order of June 28, 1974, and that it was not deprived of jurisdiction by the enactment of section 601 of the Act. Plaintiff's special appearance was denied and she was given leave to file an answer to defendant's petition.

A hearing on defendant's petition for a rule to show cause was held on June 12, 1978. Plaintiff's counsel was present, but informed the court that plaintiff elected to stand on her special appearance and would not participate in the proceedings. No witnesses were sworn and no evidence was submitted. On the basis of statements made by defendant's attorney regarding plaintiff's violation of visitation provisions, the court ordered the termination of support payments retroactive to January 10, 1978. On June 28, 1978, the trial court entered an order holding plaintiff in contempt of court for failure to comply with prior orders.

On appeal, plaintiff initially contends that, by virtue of section 601 of the Act, the Illinois court lacked subject matter jurisdiction to enforce the visitation provisions of the prior order after October 1, 1977. Since California has been the home State of the children since 1974 and all available evidence relating to their care and protection is located in that State, plaintiff maintains that California is the only proper forum. She argues, therefore, that a finding of contempt by a court without subject matter jurisdiction is null and void.

■■■ We believe the Illinois court properly retained and exercised its continuing jurisdiction to enforce its orders arising out of the original cause of action. We also believe that plaintiff misapprehends both the scope of section 601 and the relief requested in defendant's petition for a rule to show cause. The jurisdictional language of section 601 pertains to the power of the circuit court "to make a child custody determination by initial or modification judgment." Defendant's 1978 petition in no manner sought to modify or alter the child custody provisions of the prior post-judgment orders. Rather, defendant merely requested enforcement of those orders. It seems beyond argument that the Illinois court, by virtue of its continuing jurisdiction over matters arising out of the original decree, was within its power in entering the orders of June 28, 1974, and June 28, 1977. (*Crawley v. Bauchens* (1973), 13 Ill. App. 3d 791, 300 N.E.2d 603, *aff'd* (1974), 57 Ill. 2d 360, 312 N.E.2d 236; *McClellan v. McClellan* (1970), 125 Ill. App. 2d 477, 261 N.E.2d 216.) Plaintiff recognized the validity of this continuing jurisdiction by filing a petition in the Illinois court three years after she had moved to California. We do not believe that after October 1, 1977, the effective date of the new act, the trial court was divested of jurisdiction over the subject matter and was therefore without authority to enforce the provisions of its prior orders. Where the relief requested is a change or modification of prior determinations, section 601 reflects a policy of requiring the action to be brought in the State where the relevant evidence regarding the child's welfare is located. Section 601, however, does not usurp a trial court's power to enforce the provisions of valid orders simply because it is requested after the effective date of the Act. Adoption of plaintiff's

construction of section 601 would effectively deprive Illinois courts of all continuing jurisdiction over every aspect of custody-related matters in all cases where the custodial parent is given leave to remove the children from the State. We do not believe the legislature intended such a radical departure from well-recognized principles. Defendant's petition for a rule to show cause sought mere enforcement of prior, valid orders and did not request modification. As such, it is not governed by the jurisdictional language of section 601, but falls within that class of cases over which the trial court retained continuing jurisdiction.

■■■ Plaintiff next contends that she did not receive sufficient notice of the hearing on defendant's petition. Written notice of the January 10 hearing was mailed to plaintiff on January 4. We recognize that the notice sent to the attorney who no longer represented plaintiff did not constitute adequate notice. (*Cummer v. Cummer* (1935), 283 Ill. App. 220.) We believe, however, that the issue of adequate notice was mooted in the present case when the trial court granted a continuance to allow plaintiff's counsel time to appear.

■■ We next must determine whether the order of the circuit court of Cook County finding plaintiff to be in contempt is proper. As we have noted, plaintiff elected to stand on her special appearance and did not participate in the hearing. Plaintiff thereby did not, as urged by defendant, waive any objections to what transpired at the hearing by her failure to participate. Plaintiff was entitled to stand on her special appearance, since her participation would have waived any jurisdictional objection to the court's adverse ruling. (Ill. Rev. Stat. 1977, ch. 110, par. 20.) We must consider, therefore, whether the order adjudging plaintiff to be in contempt can stand where no witnesses were heard or evidence presented.

■■■ Plaintiff's conduct, committed outside the presence of the court, constituted an indirect contempt. (*In re Estate of Shlensky* (1977), 49 Ill. App. 3d 885, 364 N.E.2d 430; *People v. Carter* (1971), 132 Ill. App. 2d 29, 267 N.E.2d 362.) Proof of indirect contempt requires extrinsic evidence. (*People v. Pincham* (1976), 38 Ill. App. 3d 1043, 350 N.E.2d 67.) A party charged with indirect contempt is entitled to the constitutional rights of advance notice, a full hearing and confrontation of witnesses. Since no witnesses were heard and no evidence was presented, we believe the contempt order must be vacated and the matter remanded for a full hearing.

■■ We finally consider briefly the propriety of that portion of the order terminating defendant's obligation to pay child support. It is a well-recognized principle that violation of visitation terms, standing alone, does not excuse a father's obligation to support his children. (*Cooper v. Cooper* (1978), 59 Ill. App. 3d 457, 375 N.E.2d 925; *Slavis v. Slavis* (1973),

12 Ill. App. 3d 467, 299 N.E.2d 413.) In determining matters relating to support, the welfare of the children is of paramount concern and the children should not be deprived of support because of alleged misconduct on the part of the mother. (*Cooper.*) Hence, we believe the trial court erred in terminating defendant's obligation to pay child support.

In sum, the circuit court of Cook County correctly ruled that it had continuing jurisdiction of the subject matter of the present case. The court erred, however, in terminating child-support payments, and that portion of the order is reversed. The court also erred in finding plaintiff to be in contempt of court, and that portion of the order is reversed and remanded for further hearing.

Reversed in part; reversed and remanded in part.

RIZZI, J., concurs.

Mr. PRESIDING JUSTICE SIMON, specially concurring in part and dissenting in part:

I concur in the result except that I differ with the conclusion that this case should be remanded for further hearings on the contempt citation. My divergence is based upon disagreement with the majority's interpretation of section 601 of the Illinois Marriage and Dissolution of Marriage Act. In particular, I find untenable the majority's effort to circumvent the Act by characterizing the circuit court action from which this appeal is taken as enforcement of a prior order rather than as a modification order.

Section 601 specifies the circumstances in which Illinois courts should make a child-custody determination. Although the statute deals with jurisdiction, I do not believe it refers to subject matter jurisdiction. Instead I regard the statute as referring to jurisdiction over the *res*, namely the children's status; or, less fictionally, the statute may be regarded simply as imposing a special jurisdictional limitation. However described, the statute is not designed to protect the parents, and its requirements cannot be waived by them. The parents cannot even by agreement seek orders affecting custody or visitation from a court which does not meet the statutory requirements for making such orders. Neither can a court, by order, confer upon itself jurisdiction denied it by section 601.

Section 601 recognizes American mobility and the advantages of having custody and visitation disputes decided by courts in States where children live rather than by courts in States perhaps hundreds of miles away, where they once came from. This case was once properly in Illinois, but that should make no difference. After the children are

lawfully gone from this State, Illinois has no more interest in affording the father a convenient forum than if the rest of the family had never lived here. And certainly our courts should have no interest of their own in hanging on to cases forever. Thus when the new act took effect on October 1, 1977, more than 3 years after the children left for California, the circuit court of Cook County lost its old "continuing jurisdiction" to modify its order providing for their custody. Thus far the majority appears to agree.

The majority's view however is that the circuit court of Cook County was not circumscribed by section 601 in this case because it did not modify custody, but only adhered to and enforced its original judgment. But, that original judgment was not the last word on the subject; a Calfornia court had entered a subsequent order. If the Illinois court cannot recognize the California judgment, and is compelled on the father's demand to enforce its original order, Illinois is taking the position that the original order is not modifiable anywhere. This result would conflict with the rule accepted in both Illinois and California that visitation or custody orders are never final but may always be modified when necessary in the interest of the children; and this result is a sure recipe for interstate conflict. If, on the other hand, Illinois courts are not compelled to enforce the original order, but have discretion to abandon it and instead recognize and enforce the California order or to reject the California order, they are in effect "making a child custody determination" just as if they were entering an entirely new order. This is in effect what section 601 bans. Section 601 exists to guard children from ill-advised and conflicting decisions; it addresses the decision, not the form of the order.

The majority then implies that, given sufficient evidence, it would be proper to hold Jan in contempt for trying to get the order modified in California. Where Illinois courts have no jurisdiction to modify custody and visitation orders, punishing litigants for going elsewhere to seek modification, even to the very State the Illinois statutory scheme favors as a forum, is unreasonable. It leaves children in the control of a court which itself is precluded by section 601 from modifying its visitation or custody orders, while denying children the protection of any other court by forbidding a parent to seek modification from a court that could grant it.

The children had been in California for 3½ years when their mother applied to the California court. California is clearly their home State. They no longer have any significant connection with Illinois, and the evidence necessary for an intelligent determination of what is in their best interests is in California. Both the comity of States and the best interest of the children, as declared by the Illinois statute (section 601), require that Illinois let go of this case, and defer to California.

There may perhaps be some interval after children have left Illinois and before they become involved with other courts, during which an Illinois court might, in the interest of affording a forum with experience in the case and jurisdiction over the parties, enforce an old judgment even after Illinois could no longer modify it. But once another, more competent, court has properly assumed jurisdiction of the case, certainly once such a court has entered a modification judgment, section 601, in my view, precludes the Illinois courts from either modifying or enforcing the obsolete order. The inescapable logic of section 601 is that it leaves no loopholes through which Illinois courts may retain continuing jurisdiction to meddle with visitation aspects of custody related matters once the custodial parent is given leave to remove children from the State and another court has properly modified the arrangements originally ordered by the Illinois court.

As for the contempt issue: The Cook County circuit court had personal jurisdiction over Jan. In asking the California court to modify visitation, she disobeyed the circuit court order forbidding her to apply to any other court. An order has something of a life of its own, and on occasion may even survive the law that originally justified it. But the order here is now not merely no longer supported by the law, but positively incompatible with it. I believe it would be an abuse of discretion to hold Jan in contempt for trying to protect her children by resorting to the forum the Illinois statute declares is the only proper one. The contempt sanction should be a means to the end of enforcing the law, not a spasmodic reaction to every personal affront to the court's dignity or expression of dissatisfaction with what the court ordered when different rules of law prevailed.

Jan was also held in contempt for violations of various substantive provisions of the order, dealing with visitation, report cards, and so forth. But taking advantage of the court's personal jurisdiction over Jan to hold her in contempt is in effect enforcing the order of the court when, as demonstrated above, enforcement is inconsistent with section 601 or the rule that visitation and custody orders must be modifiable. Under section 601, it is inappropriate for an Illinois court to concern itself with collateral squabbles better left for resolution in California. The Illinois court should leave all questions affecting visitation or custody to the California court which has already assumed jurisdiction over the children. We should, therefore, put an end to the contempt proceeding, instead of, as the majority directs, remanding it for a hearing.