*In re* MARRIAGE OF CONSTANCE LYNN PONSART, a/k/a Constance Lynn Popock, Petitioner-Appellant, and ANDRE GASTON PONSART, Respondent-Appellee.

First District (3rd Division)   No. 83—1479

Opinion filed October 12, 1983.

Doss, Puchalski, Keenan & Bargiel, Ltd., of Chicago (Paul J. Bargiel and Owen L. Doss, of counsel), for appellant.

Griffith & Jacobson, of Chicago (Irvin J. Jacobson and James D. Jacobson, of counsel), for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

We are asked to decide whether a petition for an increase in child support after a judgment for dissolution of marriage requires 30 day notice by registered mail pursuant to Supreme Court Rule 105 (87 Ill. 2d R. 105).

The parties were married in 1973 and were divorced in 1978. One child was born of the marriage. Pursuant to a marital settlement agreement, the wife was granted custody of the parties' daughter and was awarded child support of $175 per month. The wife has since remarried and has one child from the second marriage.

On December 4, 1981, notice was mailed to the husband at his Colorado address, stating that on December 22, 1981, the wife would seek an increase in child support. Notice was not given to counsel who represented the husband at trial. The husband failed to appear and, on December 22, 1981, after hearing testimony from the wife, the court entered an order increasing child support to $400 per month.

Fifteen months later, the husband filed a petition to vacate the order increasing child support. The petition recited that the notice the husband received, sent by mail 18 days before the hearing, was insuf-

ficient. Relying on Cook County Circuit Court Rule 2.1(a), the husband maintained that a petition to increase child support was a request for additional relief and that therefore notice should have been sent in accordance with Supreme Court Rule 105. The petition further stated that the husband was out of the country at the time notice was sent. The petition also recited that the wife's marital and employment status had changed since the entry of the judgment for dissolution, and that the wife was saving the support payments rather than using them for the child's support.

The trial court found that a petition for increase in child support was a request for new or additional relief and required the giving of notice pursuant to Supreme Court Rule 105. The court determined that the failure to give such notice rendered the order of increase void. The wife appeals.

The wife contends that the notice requirement of Supreme Court Rule 105 is inapplicable here because a petition seeking to increase child support is not new or additional relief and that the husband is not a party in default.

The Illinois Marriage and Dissolution of Marriage Act provides for the modification of any judgment "by the filing of a petition with notice mailed to the respondent at his last known address, or by the issuance of summons to the respondent." (Ill. Rev. Stat. 1981, ch. 40, par. 511(a).) The circuit court of Cook County Rule 2.1 provides in relevant part:

> "(a) Notice required - Except in actions appearing on the daily trial call or during the course of trial, written notice of the hearing of all motions shall be given to all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead, and to all parties whose time to appear has not expired on the date of notice. Notice that additional relief has been sought shall be given in accordance with Supreme Court Rule 105.
> * * *
> (d) Time of Notice - If notice of hearing is given by personal service the notice shall be delivered before 4:00 P.M. of the second court day preceding the hearing on the motion. If notice is given by mail, the notice shall be deposited in a United States Post Office or Post Office Box on the fifth court day preceding the hearing of the motion."

The wife here mailed notice in conformance with Circuit Court Rule 2.1(d).

Supreme Court Rule 105 provides in relevant part:

"Additional Relief Against Parties in Default - Notice
***

(b) Service. The notice may be served by any of the following methods:
***

(2) By prepaid certified or registered mail addressed to the party, restricted delivery, return receipt requested showing to whom, date and address of delivery. Service is not complete until the notice is received by the defendant, and the registry receipt is *prima facie* evidence thereof." 87 Ill. 2d R. 105.

■ Without reaching the issue of whether a petition for an increase in child support is a request for new or additional relief under the Rule, we hold that the 30-day notice by registered mail provision required by Supreme Court Rule 105 is inapplicable to the present proceedings. Supreme Court Rule 105 was designed to protect a defaulting party insofar as the relief granted on default may not differ from that requested in the complaint. (*Palatine Savings & Loan Association v. National Bank & Trust Co.* (1980), 80 Ill. App. 3d 437, 399 N.E.2d 1015.) And since the husband in the present case was not in default at the time notice was sent, he was not entitled to the special notice provisions of Rule 105.

The issue of the type of notice necessary for supplemental proceedings has previously been addressed by Illinois courts. Relying on the holding in *De La Cour v. De La Cour* (1936), 363 Ill. 545, 2 N.E.2d 896, this court stated that adequate notice may be had pursuant to former Supreme Court Rule 7. (*Mueller v. Mueller* (1962), 36 Ill. App. 2d 305, 183 N.E.2d 887.) That rule has been adopted without substantive change as Supreme Court Rule 11 (87 Ill. 2d R. 11), and it allows service by regular mail, as was done in the present case. Similarly, in *McClellan v. McClellan* (1970), 125 Ill. App. 2d 477, 261 N.E.2d 216, this court noted that Supreme Court Rule 104, rather than 105, was applicable to questions of service in post judgment proceedings.

Circuit Court Rule 2.1(a) with its reference to "new or additional relief" is not applicable to this request for an increase in child support. The rule contains two parts: First it requires notice to parties not in default; it then provides for notice when additional relief is sought. We believe that this second part, with its reference to the notice provisions of Supreme Court Rule 105, applies only to parties in default.

■ ■ Nor was it necessary to serve notice on the husband's counsel of record in the original action. The attorney-client relation-

ship terminates after the judgment of divorce is entered. (*Cummer v. Cummer* (1935), 283 Ill. App. 220.) The notice required after judgment is to the parties and not to their attorneys. *Siegel v. Siegel* (1979), 80 Ill. App. 3d 583, 400 N.E.2d 6.

■ Having found that the wife provided adequate notice in conformance with Supreme Court Rules 104 and 11, we conclude that the order increasing the child support was a valid judgment. As such, it was subject to attack only upon the proper filing of a section 72 petition now codified as section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401). A party seeking relief from a final judgment after 30 days must demonstrate that he has a meritorious defense and that he has been diligent in asserting it. *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518; *Czekaj v. Czekaj* (1978), 66 Ill. App. 3d 484, 384 N.E.2d 63.

The husband here has failed to assert or demonstrate diligence. The order increasing child support was entered in December 1981. The petition to vacate the order recited that the husband was out of the country when notice of the motion was sent, but did not deny that he received the notice. The petition to vacate also failed to disclose when the husband did learn of the order of increase. The record discloses, however, that the latest he could have learned of the order was in September 1982 when adoption proceedings involving the parties' child were instituted. Yet the husband did not file the petition to vacate for another six months. Since the husband failed to exercise due diligence, he is not entitled to relief.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

RIZZI and WHITE, JJ., concur.