0918

Patricia A. SHANNON, Appellant v.
Edward J. SHANNON, Respondent.

(355 S. E. (2d) 4)

Court of Appeals

*Charles E. Houston, Jr.*, Hilton Head Island, *for appellant.*

*J. Ray Westmoreland*, Hilton Head Island, *for respondent.*

Heard Feb. 23, 1987.

Decided March 30, 1987.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court dismissing the suit of appellant Patricia A. Shannon to enforce a judgment obtained in Illinois against respondent Edward J. Shannon. We affirm.

Mr. and Mrs. Shannon were divorced by judgment of the Circuit Court of Cook County, Illinois. Mr. Shannon was required to pay alimony and child support by the judgment for divorce.

More than seven years after the judgment for divorce was entered, Mrs. Shannon filed a motion in the Illinois court that judgment be entered against Mr. Shannon for alleged arrearages in the payment of the alimony and child support.

Following a hearing on the motion of Mrs. Shannon, the Illinois court entered judgment against Mr. Shannon for the alleged arrearages together with interest and attorney fees. Mr. Shannon did not appear at this hearing, either in person or by an attorney.

Mrs. Shannon then brought suit in South Carolina seeking to enforce the judgment entered against Mr. Shannon in Illinois. Mr. Shannon answered and moved to have the suit dismissed on the ground that "the Defendant herein was never properly served with Notice of Hearing prior to entry of judgment [for the alleged arrearages] in the State of Illinois."

Mrs. Shannon moved for summary judgment on the ground that:

> [T]here is no material issue of fact which would not entitle the Plaintiff to a recovery against the Defendant, the transcript of judgement, the transcript of

hearing, the original affidavit of service and other filed pleadings of record of the Circuit Court of Cook County, Illinois revealing that at the time the order of judgement was entered against the Defendant in the Circuit Court of Cook County, Illinois that court held in personam jurisdiction of the Defendant and said judgement is entitled to full faith and credit of this court.

The lawyer who had represented Mrs. Shannon in Illinois filed an affidavit in which he stated he had mailed Mr. Shannon a notice of the motion that judgment be entered for the alleged arrearages, and this notice had not been returned by the Postal Service. He further stated in his affidavit that he had also mailed a notice of the motion to the lawyer who had represented Mr. Shannon in Illinois, and this notice also had not been returned.

Mr. Shannon filed an affidavit in which he stated he had not received any notice of the motion, and he had moved from the address to which the lawyer claimed to have mailed the notice more than a year and a half prior to the date on which the lawyer claimed to have mailed it. He further stated in his affidavit that he had been unaware that judgment for the alleged arrearages was being entered against him in Illinois.

The Circuit Court dismissed the suit against Mr. Shannon finding that he had not been given proper notice of the motion in that the notice was not mailed to his residence as required by "Rule 11 of the Illinois Rules of Civil Procedures."

In its order dismissing the suit, the Circuit Court noted the statement contained in the affidavit of Illinois lawyer for Mrs. Shannon that he had mailed a notice of the motion to the Illinois lawyer for Mr. Shannon but declined to "give any weight to that statement for the reason that the records of the proceedings in the state of Illinois do not show that mode of service on the Defendant, but seek only to acquire jurisdiction of the Defendant by personal service at his residence."[1]

---

[1] The parties stipulate in the Statement of the Case that: "An Affidavit of Service on the Respondent's Counsel was not filed with the Illinois Court and was not the basis of the Illinois Court determining that it had jurisdic-

"The full faith and credit clause of the federal constitution requires courts of one state to give such effect to a judgment of a sister state as it would have in the sister state." *Aetna Casualty and Surety Co. v. Security Forces*, 290 S. C. 20, 27, 347 S. E. (2d) 903, 907 (Ct. App. 1986).

According to the Transcript of Record, the Illinois rule relied on by the Circuit Court provides:

Rule 11. Manner of Serving Papers Other Than Process and Complaint on Parties Not in Default in the Trial and Reviewing Courts .

(a) On Whom Made. If a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service shall be made upon the party.

(b) Method. Papers shall be served as follows:

(1) by delivering them to the attorney or party personally;

(2) by leaving them in the office of the attorney with his clerk, or with a person in charge thereof; or if a party is not represented by counsel, by leaving them at his residence with some person of the family of the age of 13 years or upwards; or

(3) by depositing them in a United States post office or post-office box, enclosed in an envelope, plainly addressed to the attorney at his business address, or to the party at his business address or residence, with postage fully prepaid.

We are bound by the factual findings of the Circuit Court in this case unless those findings are without support in the evidence. *Askins v. Firedoor Corp. of Florida*, 281 S. C. 611, 316 S. E. (2d) 713 (Ct. App. 1984).

The evidence obviously supports the finding of the Circuit Court that the notice of the motion was not mailed to the residence of Mr. Shannon as required by the Illinois rule. Mr. Shannon clearly states in his affidavit that he had not resided at the address to which the lawyer for Mrs. Shannon claimed to have mailed the notice for more

tion." *See Singleton v. Horry County School Dist.*, 289 S. C. 223, 227, 345 S. E. (2d) 751, 753 (Ct. App. 1986) ("Parties to an appeal are bound by facts set forth in the statement of the case.").

than a year and a half prior to the date on which the lawyer claimed to have mailed it. The Illinois rule plainly requires that, when papers are served on a party by mail, they must be mailed to his business or residence address.

Mrs. Shannon argues that it was not necessary for the notice to have been mailed to the current address of Mr. Shannon. In support of her argument, she cites *Sharpe v. Sharpe,* 77 Ill. App. (2d) 295, 222 N. E. (2d) 340 (1966).

In *Sharpe,* the father of a minor child sought a change in custody from the mother of the child to himself. The mother had moved with the child from Illinois to Texas without informing the father of the move or of their whereabouts. The trial court directed the father to send notices of his petition and the hearing to the last Illinois address of the mother and to her parents' residence in Missouri. The mother appeared at the hearing and challenged the jurisdiction of the Court. The Appellate Court of Illinois held summarily and without any analysis that she had been given adequate notice of the hearing under the circumstances.

*Sharpe,* is readily distinguishable from the instant case on its facts. Unlike the mother in *Sharpe,* there is no evidence that Mr. Shannon concealed his address or sought to avoid being located or that Mrs. Shannon was not able to find him. Unlike Mr. Shannon, the mother in *Sharpe* appeared at the hearing and did not deny having actual notice of it. Furthermore, the Court in *Sharpe* did not analyze the situation under the Illinois rule relied on by the Circuit Court in the instant case.

We also reject the argument of Mrs. Shannon that the Circuit Court erred in failing to find service of the notice on Mr. Shannon was accomplished by mailing the notice to the lawyer who had represented him in Illinois. None of the exceptions of Mrs. Shannon on appeal assert any error by the Circuit Court on this basis. The failure to raise an issue by exception constitutes a waiver of it. *Carolina Attractions, Inc. v. Courtney,* 287 S. C. 140, 337 S. E. (2d) 244 (Ct. App. 1985). Moreover, the record does not reflect that the lawyer who had represented Mr. Shannon in Illinois was his attorney of record at the time the lawyer for Mrs. Shannon claims to have mailed the notice to him, nor does it appear from the record that Mr. Shannon had any rela-

tionship with his Illinois lawyer beyond the relationship which had existed as a result of the lawyer having represented him more than seven years earlier in connection with the judgment for divorce. "The attorney-client relationship terminates after the judgment of divorce is entered." *In re Marriage of Ponsart*, 118 Ill. App. (3d) 664, 667-68, 74 Ill. Dec. 241, 243, 455 N. E. (2d) 271, 273 (1983). "The notice required after judgment is to the parties and not to their attorneys." *Id. See also Windmon v. Banks*, 31 Ill. App. (3d) 870, 874, 335 N. E. (2d) 116, 120 (1975) ("[A] person is not chargeable with notice to an attorney when the relationship of attorney and client does not in fact exist between them.").

For these reasons, the order of the Circuit Court is

Affirmed.

CURETON and GOOLSBY, JJ., concur.